Mr. Justice NELSON (with whom concurred GRIER and CLIFFORD, JJ.)
disseuting:
I am unable to concur in the opinion just delivered.
The instruments, in the form of bills of exchange, drawn, by Russell, Majors & Waddell, upon, and accepted by Flóyd, Secretary of War, were drawn cm “account of our contract for supplies for the army in Utah,” or “ on account of our transportation contract of the 12th April, 1860.”
These are, hot bills of exchange, in the sense of the law merchant, .or possessing the properties of negotiable'paper. They are drawn upou a particular fund,'in terms which may or may not be sufficient to pay the bills, and hence a contingency exists whether or not- they will be paid at maturity. All the cases agree that the money mentioned in the instrument must be payable absolutely and at all events, and not mi\de to depend on any uncertainty or contingency.*
*684 The instruments not being negotiable, the assignees or. holders taking them, are subject to all the equities that may exist between the acceptor and the drawer, and stand in no better position, in the. present case, than Russell, Majors & Waddell. As between these parties- and the government, the obligation assumed by Floyd, as representing it by his acceptance, was to account and to apply all the moneys due, or that might become due on the contracts for transportation or supplies, specified in the bills or drafts, at their maturity. To this extent the government became bound to the contractors, or to the assignees or holders of the same; and as the acceptance by the secretary assumes or implies that there were some funds due, or might become due on the contracts in his hands, subject to these drafts, the onus was on the government to give evidence of the amount, or to state the account with the drawer, so as to ascertain the amount due; if any. This, evidence was peculiarly in the power of the. government. As no. such adjustment has been made, for aught that ‘appears, the government may now have in its hands money's belonging to these contractors, to pay the drafts.
I am of opinion, also, that under the sixth section of the act of May 1, 1820, it was competent for the Secretary of War to accept bills of exchange in behalf of these contractors, and that if the bills in question had possessed negotiable properties, the government would have been bound to a bond fide holder for value.
That section provides, “that no'contract shall hereafter be made by the Secretary of State, or of the Treasury, or of the Department of War, or of the Navy, except under a law authorising the same, or under an appropriation adequate to its fulfilmebt; and excepting, also; contracts for the subsistence- and clothing of the army or navy, and contracts by the Quartermaster’s Department, which may be made by the secretaries of. those departments.”
It will thus be seen that contracts for the .subsisténee and clothing of the army7'and- navy, by the secretaries, are -not -tied-up by any.necessity of an appropriation or law author *685 izing it. The reason of this is .obvious. The army and navy must be fed, and clothed, and cared for at all times' and places, and especially when iñ distant -service. The army in Mexico or Utah are not to be disbanded.an,d'left to take care of themselves, because theN appropriation by Congress, for the service, has been exhausted, or no law can be found on the statute book authorizing a contract.for sup-' plies. The above act confers upon the secretaries full authority to contract-for these supplies,.and which bind the government; and the most ready and convenient mode of accomplishing this, would-be by-accepting bills of exchange drawn by the contractors of the distant army or navy, upon the secretaries at home.'
The credit of the government, thus pledged, would at once - furnish the necessary subsistence, clothing, áud shelter.
Our conclusion is, that the judgment below should be'reversed, and the cause remitted, with directions to1 grant anéw trial,-and further proofs taken, that complete justice may be done between the parties.

 3 Kent’s Com. 76-7, and notes; Story on Bills of Exchange, § 46.